UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARCO T. BARBANTI,

            Plaintiff,

        v.

QUALITY LOAN SERVICE CORP., a
California Corporation; EDDIE
RAMIREZ AND JANE DOE RAMIREZ,
Husband and Wife; BANK OF NEW
YORK, a New York corporation, as
Trustee, Pursuant to the Terms
of That Certain Pooling and
Servicing Agreement Dated as of
11/1/96 Related to Metropolitan
Asset Funding Inc., Mortgage
Pass-through Certificates Series
1996-a; OCWEN LOAN SERVICING,
LLC, a Delaware corporation;
GINA JOHNSON AND JOHN DOE
JOHNSON,

            Defendants.

NO.  CV-06-0065-EFS

**ORDER ENTERING RULINGS FROM
NOVEMBER 21, 2006, HEARING**

    A hearing was held in the above-captioned matter on November 21,
2006.  Plaintiff was represented by Timothy Durkop.  Matthew Cleverly
appeared on behalf of Defendants Quality Loan Service Corp. and Eddie
Ramirez (hereinafter collectively, "Quality Loan Defendants"), while
Robert Wayne Norman Jr. appeared telephonically on behalf of the Bank of
New York, Ocwen Loan Servicing, LLC ("Ocwen"), and Gina Johnson.  Before
the Court were a number of pending motions.  After reviewing the

ORDER -- 1

submitted material and applicable legal authority and hearing oral argument, the Court is fully informed.  This Order serves to supplement and memorialize the Court's oral rulings.

## I.  MOTIONS RELATED TO FORFEITURE ACTION

**A.    Defendant Quality Loan Service Corporation and Eddie Ramirez' Motion to Set Aside Forfeiture Action (Ct. Recs. 26 & 117)** *and* **Plaintiff's Motion to Strike Defendant's Amended Motion to Set Aside Forfeiture and the Supplemental Memorandum (Ct. Rec. 130)**

Quality Loan Defendants ask the Court to set aside the forfeiture action on the grounds that there was no forfeiture because it was improper and thus *void ab initio*.  In the event the Court finds there was a forfeiture, Quality Loan Defendants maintain they have the ability to ask the Court to set it aside.  Plaintiff opposes Quality Loan Defendants' motion, submitting that, although the forfeiture is erroneous, it is not automatically void and Quality Loan Defendants do not have the statutory authority to ask for the forfeiture action to be set aside. As explained below, the Court finds the forfeiture is void; however, the forfeiture currently cannot be set aside at Quality Loan Defendants' request because the Hoopers are not parties to this action.

The Washington Real Estate Contract Forfeitures Act, RCW 61.30 *et seq.*, governs the forfeiture process. Section  61.30.020(1) provides:

> A purchaser's rights under a real estate contract shall not be forfeited except as provided in this chapter.  Forfeiture shall be accomplished by giving and recording the required notices as specified in this chapter.  This chapter shall not be construed as prohibiting or limiting any remedy which is not governed or restricted by this chapter and which is otherwise available to the seller or the purchaser.  At the seller's option, a real estate contract may be foreclosed in the manner and subject to the law applicable to the foreclosure of a mortgage in this state.

The parties do not dispute that Quality Loan Defendants initiated a

ORDER -- 2

forfeiture[1] proceeding against Mr. Barbanti and submitted notices to him. The parties also agree the forfeiture proceeding was in error because Mr. Barbanti was not the "purchaser" to the Deed of Trust that Quality Loan Defendants forfeited on behalf of the Bank of New York; rather Mr. Barbanti is the "purchaser" to the Hooper-Barbanti contract, a contract to which the Bank of New York is not the "seller." Given these undisputed facts, the Court finds the forfeiture is void because a requirement of RCW 61.30.030 was not met. Section 61.30.030 provides, in pertinent part:

> It shall be a condition to forfeiture of a real estate contract that:
> . . .
> (2) A breach has occurred in one or more of the purchaser's obligations under the contract and the contract provides that as a result of such breach the seller is entitled to forfeit the contract; . . . .

This condition to forfeiture was not satisfied because the Bank of New York was not the "seller" under the Hooper-Barbanti contract and so it was not entitled to forfeit the contract. As a result, the Court finds the forfeiture is void. However, this does not correlate to a finding that the forfeiture is *void ab initio* because the Declaration of Forfeiture (DOF) was recorded:

---

[1] "Forfeit" or "forfeiture" is defined as a:

> means to cancel the purchaser's rights under a real estate contract and to terminate all right, title, and interest in the property of the purchaser and of persons claiming by or through the purchaser, all to the extent provided in this chapter, because of a breach of one or more of the purchaser's obligations under the contract. A judicial foreclosure of a real estate contract as a mortgage shall not be considered a forfeiture under this chapter.

RCW 61.30.010(4).

ORDER -- 3

> The recorded and sworn declaration of forfeiture shall be prima facie evidence of the extent of the forfeiture and compliance with this chapter, and except as otherwise provided in RCW 61.30.040(1) and (2), conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value.

RCW 61.30.100. Accordingly, even though the forfeiture is void, the DOF is still of record; therefore, it must be declared void by a court.

Plaintiff contends the Court cannot set aside the forfeiture at the request of Quality Loan Defendants, citing to RCW 61.30.080. Section 61.30.080 provides, in pertinent part:

> (3) If the seller fails to give any required notice to all persons whose interests the seller desires to forfeit or to record such notice as required by this chapter, and if the declaration of forfeiture has been given or recorded, the seller may apply for a court order setting aside the forfeiture previously made, and to the extent such order is entered, the seller may proceed as if no forfeiture had been commenced. *However, no such order may be obtained without joinder and service upon the persons who were given the required notices* and all other persons whose interests the seller desires to forfeit.

(Emphasis added.) Conducting an analysis under this section is largely nonsensical given that Mr. Barbanti and the Bank of New York are not the purchaser and seller, respectively, under the same real estate contract. Yet, this section is important as it is the only statute providing a seller with a method to set aside a forfeiture. Accordingly, even though the error here is not a failure to give adequate notice but actually a lack of entitlement on behalf of the Bank of New York to conduct a forfeiture of the instant real estate contract, the Court determines it would be consistent with the Washington legislature's intent to allow Defendants to utilize RCW 61.30.080(3) to set aside the forfeiture. Neverthless, subsection (3) specifically requires joinder and service of all persons who were given the required notices; here,

ORDER -- 4

the Hoopers received notices but have not been joined. Therefore, under the present posture of this case, the Court cannot set aside the forfeiture under RCW 61.30.080(3).

In summary, the Court finds the forfeiture is void because the Bank of New York was not entitled to conduct a forfeiture under the Hooper-Barbanti real estate contract because it was not the seller. However, the forfeiture will not presently be set aside under RCW 61.30.080(3). Accordingly, Quality Loan Defendants' motion is **granted in part and denied with leave to renew in part.**

**B.   Plaintiffs' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. Proc. 12(c) Re: Plaintiff's First Cause of Action (Ct. Rec. 111)**

Plaintiff asks the Court to declare that Quality Loan Defendants violated the Real Estate Contract Forfeiture Act as alleged in Plaintiff's first cause of action and, resultantly, Plaintiff is entitled to a declaratory judgment declaring (a) that the Notice of Intent to Forfeit (NOIF) and the DOF contain incorrect and erroneous allegations of default and false statements and are void, invalid, and in violation of governing law and (b) that the Defendants lacked the legal authority to commence the real estate contract forfeiture proceedings.

As discussed above, the parties do not dispute the fact that the NOIF and the DOF contained errors; accordingly, the Court finds a judgment on the pleadings in Plaintiff's favor is appropriate as to his Real Estate Contract Forfeiture cause of action. *See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526 (9th Cir. 1997). Therefore, the Court declares the NOIF and DOF contain incorrect and

ORDER -- 5

erroneous allegations of default and that Defendants lacked the legal authority to commence the real estate contract forfeiture proceedings. Therefore, Plaintiff's motion is **granted.**  However, the Court notes Plaintiff did not move for judgment regarding any damage issues; accordingly, the Court does not make any findings as to paragraph 52 of the Complaint, "Defendants Quality Loan, Ramirez, Johnson, OCWEN LLC and Bank of New York had actual knowledge or reason to know of the material failure to comply with RCW Chapter 61.30 or the contract or both." (Ct. Rec. 1.)

**C.    Quality Loan Defendants' Motion for Partial Summary Judgment Regarding Wrongful Forfeiture (Ct. Rec. 151)**

Quality Loan Defendants ask the Court to enter summary judgment in their favor as to Plaintiffs' wrongful forfeiture cause of action because the forfeiture was void *ab initio* and, therefore, there was no forfeiture to set aside.  As set forth above, the Court concludes a forfeiture occurred because the DOF was recorded and enters judgment in Plaintiffs' favor on his wrongful forfeiture cause of action. Accordingly, Defendants' motion for summary judgment is **denied in part.**

Second, Quality Loan Defendants ask the Court to find that Plaintiff is not entitled to damages under RCW 61.30.150(1) and (2).  At the hearing, Plaintiff conceded he has insufficient evidence to survive summary judgment as to subsection (1); accordingly, Quality Loan Defendants' motion is **granted in part.**

Subsection (2) provides:

A seller who records a declaration of forfeiture with actual knowledge or reason to know of a material failure to comply with any requirement of this chapter is liable to any person whose interest in the property or the contract, or both, has been forfeited without material compliance with this chapter

ORDER -- 6

for actual damages and actual attorneys' fees and costs of the action and, in the court's discretion, exemplary damages.

Quality Loan Defendants contend Plaintiff cannot prove (1) Defendants had actual knowledge or reason to know of a material failure to comply with any requirement of the chapter, (2) that Plaintiff is a person whose interest in the property or the contract has been forfeited, and (3) Defendants failed to materially comply with the Real Estate Contract Forfeiture Act ("the Act"). Upon review of the submitted materials,[2] the Court finds a genuine issue of material fact exists as to whether Quality Loan Defendants had reason to know of a material failure to comply with the Act given that Quality Loan Defendants conducted a forfeiture on behalf of the Bank of New York, yet it clearly was not the seller under the Hooper-Barbanti contract. As to the second requirement, the Court finds it is clear that Mr. Barbanti is a person whose interest in the contract has been forfeited. Lastly, the Court finds a genuine issue of material fact exists as to whether Quality Loan Defendants materially complied with the Act. The finder of fact should determine whether Defendants substantially complied with the Act's requirement by using the template/database conversion process without

---

[2]    In ruling on the instant motions for summary judgment, the Court recognizes that summary judgment is appropriate where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). The party seeking summary judgment must demonstrate there is an absence of disputed issues of material fact to be entitled to judgment as a matter of law. FED. R. CIV. PROC. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A burden is also on the party opposing summary judgment to provide sufficient evidence supporting his claims to establish a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 252; *Chaffin*, 186 F.3d at 1213. In making its determinations, the Court viewed the facts and drew inferences in the manner most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999).

ORDER -- 7

any apparent procedures in effect to ensure that the conversion was done properly. Therefore, the Court **denies** Quality Loan Defendants' motion **in part.**

## II.  MOTIONS RELATED TO UNAUTHORIZED PRACTICE OF LAW CLAIM

**A. Plaintiff's Motion for Partial Summary Judgment Regarding the Unauthorized Practice of Law (Ct. Rec. 54)** *and* **Defendants Quality Loan and Ramirez [sic] Motion for Partial Summary Judgment Regarding Unauthorized Practice of Law (Ct. Rec. 157)**

Through his motion, Plaintiff asks the Court to enter the following declaratory relief: (1) Quality Loan Defendants engaged in the unauthorized practice of law, (2) Plaintiff is entitled to a permanent injunction to prohibit the further unauthorized practice of law by Quality Loan Defendants, and (3) Plaintiff suffered damages as a result of Quality Loan Defendants' unauthorized practice of law. Quality Loan Defendants filed both a response and a cross-motion for summary judgment. Through their motion, Quality Loan Defendants ask the Court to (1) find that the merging of objective data into a pre-drafted legal form is not the practice of law, (2) if the Defendants did practice law, such activities were authorized and Defendants' potential liability is limited to that of actual damages suffered by Plaintiff, and (3) Plaintiff's Consumer Protection Act (CPA) claim must be dismissed because it is based on Plaintiff's unauthorized practice of law claim.

### 1.  Undisputed Facts Related to These Motions

Quality Loan Service Corp. (Quality Loan) provides a service to lenders by foreclosing on real property. In June 2005, Quality Loan was contacted by Defendant Ocwen to advance a foreclosure on real property commonly known as 5711 N. Division Street, Spokane, Wash. 99207. On or about August 24, 2005, a NOIF was prepared by Quality Loan and signed by

ORDER -- 8

Eddie Ramirez. Following, Quality Loan prepared a Declaration of Forfeiture on or about January 11, 2006. Neither Mr. Ramirez nor Quality Loan are licensed to practice law in Washington.

    2.  <u>Authority and Analysis</u>

    To resolve these motions, the two critical questions are (1) whether Quality Loan Defendants' conduct constituted the practice of law, and if so (2) whether such conduct was authorized. If the conduct constituted the unauthorized practice of law, then Plaintiff's motion must be granted and Defendants' denied because neither Mr. Ramirez nor Quality Loan are licensed to practice law in Washington. *See* RCW 2.48.170*; Wash. State Bar Assoc. v. Great W. Union Fed. Sav. & Loan Assoc.* ("*Great Western*"), 91 Wash. 2d 48, 56-57 (1978).

    *a.  Practice of Law*

    "The line between those activities included within the definition of the practice of law and those that are not is oftentimes difficult to define." *Bennion, Van Camp, Hagen & Ruhl v. Kassler Escrow, Inc.* ("*Bennion*"), 96 Wash. 2d 443, 446 (1981). Yet, the Washington Supreme Court recognized the preparation of legal documents that create or impact legal rights as the practice of law:

> The "practice of law" does not lend itself easily to precise definition. However, it is generally acknowledged to include not only the doing or performing of services in the courts of justice, throughout the various stages thereof, but in a larger sense includes legal advice and counsel and the preparation of legal instruments by which legal rights and obligations are established. Further, selection and completion of preprinted form legal documents has been found to be the "practice of law."
>         . . .
> The services at issue here are ordinarily performed by licensed attorneys, involve legal rights and obligations, and by their very nature involve the practice of law. We thus must agree with the trial court's conclusion that the

ORDER -- 9

> selection and completion of form legal documents, or the
> drafting of such documents, including deeds, mortgages, deeds
> of trust, promissory notes and agreements modifying these
> documents constitutes the practice of law.

*Id.* at 446-47 (quoting *Great Western*, 91 Wash. 2d at 54-55); *Perkins v. CTX Mortgage Co.*, 137 Wash. 2d 93, 97 (1999); *Washington v. Hunt*, 75 Wash. App. 795, 804 (1994) ("Washington law clearly prohibits an unlicensed person from selecting and completing legal forms for another, . . . ."). It is the court's role to determine whether conduct constitutes "the practice of law." *Bennion*, 96 Wash. 2d at 452-53. In determining whether conduct constitutes "the practice of law," the court is to focus on the nature and character of the service rendered, rather than the fact of compensation or the nature or status of the person performing the services. *Id.* at 451; *Hunt*, 75 Wash. App. at 802.

With these legal principles in mind, the Court concludes Quality Loan Defendants engaged in the practice of law by preparing and issuing the NOIF and the DOF. A Notice of Intent to Forfeit vests all rights in the subject property with the seller or the sellers' successor in interest. RCW 61.30.020(1). The Declaration of Forfeiture serves to terminate the purchaser's right, title, and interest in the property and under the contract. RCW 61.30.070(1)(f) & (2)(d). Accordingly, conducting a forfeiture through the issuance of a NOIF and DOF has legal consequences on the parties to the documents. The nature and character of these services are consistent with conduct that an attorney would engage in; therefore, preparing and issuing the NOIF and preparing the DOF to further the forfeiture constitute the practice of law.

> b. *Authorization*

The next question is whether Quality Loan Defendants' conduct was

ORDER -- 10

"authorized." The most recent Washington Supreme Court decision on this issue is *Perkins v. CTX Mortgage Co.*, 137 Wash. 2d 93 (1999). In *Perkins*, the Washington Supreme Court addressed whether a mortgage lender engaged in the unauthorized practice of law by having lay employees enter customer information such as social security and bank account numbers, the loan amount, and interest rate on residential home loan agreement documents; templates for these documents were created by attorneys who created a document for each loan product and who supervised the programming of the computer when the form templates were prepared. After considering the risks and benefits to the public of allowing lay employees to engage in such conduct, the Washington Supreme Court determined the lay employees engaged in the practice of law, but that the conduct was authorized because the lay employees did not exercise any legal discretion. *Id.* at 102-03. In reaching this decision, the court relied upon its *Cultum v. Heritage House Realtors, Inc.*, 103 Wash. 2d 623 (1985), decision, in which a real estate agent was found to have engaged in the authorized practice of law:

> It should be emphasized that the holding in this case is limited in scope. Our decision provides that a real estate broker or salesperson is permitted to complete simple printed standardized real estate forms, which forms must be approved by a lawyer, it being understood that these forms shall not be used for other than simple real estate transactions which arise in the usual course of the broker's business and that such forms will be used only in connection with real estate transactions actually handled by such broker or salesperson as a broker or salesperson and then without charge for the simple service of completing the forms.

*Perkins*, 137 Wash. 2d at 100-01 (quoting *Cultum*, 103 Wash. 2d at 630). The court in *Perkins* distinguished the facts from those in *In re Droker* and *Great Western*, finding that in these two other cases the lay

ORDER -- 11

employees did more than enter objective data into legal forms. *Id.* at 103-04.  The Washington Supreme Court commented, "We have tacitly authorized lay persons to fill in the names of parties, the legal descriptions of properties, and other similar information and have expressly left open whether mere scrivening would constitute the unauthorized practice of law."  *Id.* at 104-05.

Quality Loan Defendants contend their conduct was authorized because the lay employees were not using legal discretion as the contract-specific information was simply merged onto a template.  David Owen, the Chief Operations Officer for Quality Loan, provided a declaration, stating "our computer system contains a forms library with form templates and a database of information regarding the loan transactions." (Ct. Rec. 154 ¶ 6.)  "When the documents were merged, the incorrect data in the database was merged into the incorrect form." *Id.* ¶ 7.  "No language in the form was selected, added or deleted when it was merged.  The only information added to the form was the objective data from the database." *Id.* ¶ 8.  The Court finds the submitted evidence is insufficient to support a finding that *Perkins* controls.  In *Perkins*, there was evidence that attorneys selected the legal form templates to begin with and oversaw the process by which the database of information was created.  Here, Quality Loan Defendants have not provided any evidence explaining how these forms were initially selected and how the conversion process was initially set up.  Therefore, it is unclear whether attorneys or lay persons were involved in making the legal decisions.  Accordingly, at this stage, the Court is unable balance "the competing public interests of (1) protecting the public

ORDER -- 12

from the harm of the lay exercise of legal discretion and (2) promoting convenience and low cost." *Perkins*, 137 Wash. 2d at 105.

Quality Loan Defendants also argue their conduct was "authorized" because RCW 61.30.050(1) specifically allows an "agent" to advance a forfeiture proceeding.[3]  Given that the legislature does not have the ability to allow an unlicensed individual to practice law, *see Bennion*, 96 Wash. 2d at 446, and in light of the rule of statutory interpretation that statutes are to be construed as constitutional if possible, *see Gould v. Aerospatiale Helicopter Corp.*, 40 F.3d 1033, 1035 (9th Cir. 1994); *United States v. Buckland*, 289 F.3d 558, 564 (9th Cir. 2002), the Court interprets RCW 61.30.050(1) as allowing Mr. Ramirez, as an agent for the seller to *sign* the document -- however, this does not impact the requirement that the NOIF be *prepared* by one who is authorized to practice law.

In summary, the Court finds Quality Loan Defendants engaged in the practice of law, but genuine issues of material fact remain as to whether such conduct was authorized.  Therefore, Plaintiff's motion is **granted in part** (Defendants engaged in the practice of law) **and denied in part** (genuine issues of material fact relating to whether conduct was

---

[3]  Section 61.30.050(1) provides:

> The required notices shall be in writing.  The notice of intent to forfeit shall be *signed by the seller or by the seller's agent or attorney*.  The declaration of forfeiture shall be signed and sworn to be the seller.  The seller may execute the declaration of forfeiture through an agent under a power of attorney which is of record at the time the declaration of forfeiture is recorded, but in so doing the seller shall be subject to liability under RCW 61.30.150 to the same extent as if the seller had personally signed and sworn to the declaration.

(Emphasis added.)

ORDER -- 13

authorized; Plaintiff is not entitled to an injunction at this stage; and damage issues to be resolved at trial), and Quality Loan Defendants' motion is **denied** (engaged in practice of law; genuine issues of material fact relating to whether conduct was authorized; and damage issues to be resolved at trial).

**B.    Quality Loan Defendants' Request for Judicial Notice in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 81)** *and* **Plaintiff's Motion to Strike (Ct. Rec. 86)**

Quality Loan Defendants ask the Court to take judicial notice of the following documents: (1) the Hooper-Barbanti Real Estate Contract, (2) the Barbanti-Royal Pottage Enterprises, Inc. Quit Claim Deed, (3) the Hooper-Metropolitan Mortgage & Securities Deed of Trust, (4) the Metropolitan Mortgage & Securities - Bank of New York Assignment of Deed of Trust, and (5) Plaintiff's Complaint.  Rather than file a response to this Request, Plaintiff filed a Motion to Strike, in which he asked the Court to strike the Request for Judicial Notice and also other documents.  The Court finds it is inappropriate to take judicial notice of the requested documents under Federal Rule of Evidence 201(b); accordingly, Quality Loan Defendants' request is **denied** and Plaintiff's motion is **granted in part.**    The Court **denies the remainder** of Plaintiff's motion, which asked the Court to strike the Declaration of Susan Chang (Ct. Rec. 79), the Declaration of Eddie Ramirez (Ct. Rec. 80), and the cited portions of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (Ct. Rec.  83).

**C.    Plaintiff's Motion to Strike the Declarations of David Owen and Eddie Ramirez From Consideration in the Motion for Partial Summary Judgment (Ct. Rec. 166)**

Plaintiff asks the Court to strike David Owen's Declaration (Ct.

ORDER -- 14

Rec. 154) and Eddie Ramirez' Declaration (Ct. Rec. 153) on the grounds that (1) they are unnecessary as Quality Loan Defendants previously in Ct. Rec. 82 advised they did not challenge Plaintiff's Statement of Material Facts, (2) the declarations fail to comply with RCW 9A.72.085, and (3) the declarations lack proper foundation and contain hearsay.

Although Quality Loan Defendants should have submitted a Statement of Facts in connection with their opposition to Plaintiff's motion regarding the unauthorized practice of law, the Court does not strike the declarations because Plaintiff was not prejudiced by Quality Loan Defendants' failure to comply with Local Rule 56.1. In addition, the Court concludes the declarations do not fail to comply with RCW 9A.72.085 because the statement "I declare the above to be true and correct to the best of my knowledge," was also joined by the following statements in paragraph 1, "I am over the age of eighteen, have direct knowledge of the facts and circumstances of this litigation, and I am competent to testify in this matter," and in paragraph 3, "[a]s to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto." The Court finds the purposes of RCW 9A.72.085 are satisfied by these statements. The Court also denies Plaintiff's foundation, personal knowledge, and hearsay challenges to these declarations. Therefore, in summary, Plaintiff's motion to strike is **denied.**

**D.   Quality Loan Defendants' Motion to Strike Portions of Declarations of Marco Barbanti (Ct. Rec. 177)**

Quality Loan Defendants ask the Court to strike or disregard ¶¶ 8, 9, 10, and 11 of the Declaration of Marco T. Barbanti (Ct. Rec. 165) on

ORDER -- 15

the grounds that Mr. Barbanti's statements are not statements of fact based upon personal knowledge but are rather arguments about the sufficiency of the declarations in other filings.  After reviewing the submitted material, the Court **grants** Quality Loan Defendants' motion to strike paragraphs 9, 10, and 11, but **denies** the motion to strike paragraph 8.

**III.  SLANDER OF TITLE**

**A.    Quality Loan Defendants' Motion to Dismiss Plaintiff's Slander of Title Claim (Ct. Rec. 120)** *and* **Motion to Expedite Hearing thereon (Ct. Rec. 126)**

Quality Loan Defendants highlight that Plaintiff failed to amend his slander of title claim within three weeks of the Court's July 7, 2006, Order.  Given Plaintiff's failure to amend and lack of response to the motion, the Court **grants** this motion.  Also, because the motion was not heard on an expedited basis, the Court **denies as moot** Quality Loan Defendants' motion to expedite.

**IV.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS**

**A.    Ocwen's Motion for Summary Judgment on Plaintiff's Claim for Intentional Interference with Contractual Relationships (Ct. Rec. 188)**

Ocwen asks the Court to enter judgment in its favor on Plaintiff's claim for Intentional Inference with Contractual Relationships on the grounds that there are no disputed issues of material facts.  Plaintiff opposes the motion, contending he has presented sufficient facts, when viewed in his favor, to prove Ocwen intentionally interfered with Mr. Barbanti's contractual relationship with his tenant.  After taking the

matter under advisement, the Court now denies Ocwen's motion.[4]

In order to prove interference with contractual relations, Plaintiff must prove the following five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that Defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that Defendants interfered for an improper purpose or used improper means; and (5) resultant damages. *See Commodore v. Univ. Mech. Contractors, Inc.*, 120 Wash. 2d 120, 137 (1992). First, it is undisputed that Plaintiff had a valid contractual relationship with a bridal store tenant. (Ct. Rec. 221 Ex. D: Lease Agreement.) Second, Ocwen in its reply acknowledged that it contacted the bridal store tenant (Ct. Rec. 233 p. 3); accordingly, Ocwen had knowledge of the tenant relationship. Third, although the tenant is still in the property, the Court finds Mr. Barbanti's testimony regarding the tenant's decision to stop paying rent until the forfeiture matter is resolved is sufficient to establish a genuine issue of material fact as to whether Ocwen's attempt to forfeit the property caused a breach or termination of the relationship.

---

[4]    The parties bring to the forefront a typographical error that was contained in the Court's July 7, 2006, Order on pages 2-3, where the Court should have stated "slander of title" rather than "wrongful interference with contractual relationship" when discussing that Plaintiff failed to plead sufficient facts. It was not the Court's intent to dismiss the intentional interference with contractual relationship cause of action; and this intent is apparent from the Court's discussion on pages 18-19, where the Court denies as moot Quality Loan Defendants' motion to dismiss the wrongful interference with contractual relationship cause of action and in the "It is hereby ordered" section where the Court repeats that it denies as moot this request.    Accordingly, Plaintiff's wrongful interference with contractual relationship cause of action survived the motion to dismiss.

ORDER -- 17

Fourth, Ocwen argues Plaintiff cannot show there was any interference based on an improper purpose or that improper means were used because Ocwen, and its agent, reasonably believed that a forfeiture had occurred and thus were correct in asking the tenant to leave. Although the Court finds the interference was not for an improper purpose because there is no evidence before the Court that Ocwen should have been aware that the forfeiture was erroneous, the Court finds there is a genuine issue of material fact as to whether Ocwen's agent used improper means given that Ocwen, for purposes of this motion, did not dispute with evidence Mr. Barbanti's recitation regarding the interaction between the tenant and Ocwen.

Lastly, although the Court agrees Plaintiff will have a mitigation issue at trial, the Court finds Plaintiff presented sufficient evidence of damages in order to survive summary judgment. Although the tenant did not pay the full $1,300 consistently prior to this forfeiture, since the contact with the Ocwen agent, the tenant has not been willing to pay Mr. Barbanti any rent.

For the above reasons, the Court **denies** Ocwen's motion.

### V.    COLLECTION AGENCY ACT AND CONSUMER PROTECTION ACT

**A.    Quality Loan's Motion for Partial Summary Judgment Regarding Plaintiff's Third and Fifth Causes of Action (Consumer Protection Act and Collection Agency Act) (Ct. Rec. 178)**

Defendant Quality Loan asks the Court to enter judgment in its favor as to Plaintiff's Consumer Protection Act (CPA) cause of action and Washington Collection Agency Act (CAA) cause of action on the grounds that there are no disputed issues of material fact. Plaintiff opposes the motion, submitting that Quality Loan is wrong on the law and

ORDER -- 18

that there are genuine issues of material fact that preclude a summary judgment ruling in favor of Quality Loan.  As set forth below, the Court **grants** Quality Loan's motion.

### 1.    Relevant Undisputed Facts

The forfeiture documents sent by Quality Loan were mailed via first class and certified mail to a list of people provided by the title company as parties who might have an interest in the subject property; Plaintiff and his attorney both were mailed a copy of the forfeiture documents via certified mail.  The current tenant of the property is a bridal shop.  Quality Loan has never been appointed successor trustee.

### 2.    Legal Authority and Analysis

The Washington Collection Agency Act, RCW 19.16 *et seq.*, governs collection activities in Washington by both collection agencies and out-of-state collection agencies.  The act defines "collection agency" as "[a]ny person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person," RCW 19.16.100(2)(a); but the statute also sets forth several exclusions from this definition.

One of the exclusions is an "out-of-state collection agency."  RCW 19.16.100(3)(e).  An "out-of-state collection agency" means:

> a person whose activities within this state are limited to collecting debts from debtors located in this state by means of interstate communications, including telephone, mail, or facsimile transmission, from the person's location in another state on behalf of clients located outside of this state, but does not include any person who is excluded from the definition of the term "debt collector" under the federal fair debt collection practices act (15 U.S.C. Sec. 1692a(6)).

RCW 19.16.100(4).  Accordingly, the parties agree that if a person is excluded from the definition of "debt collector" under the federal Fair

ORDER -- 19

Debt Collection Practices Act (FDCPA), then they are not a debt collector under the CAA.    Quality Loan contends it is not a debt collector under the FDCPA because nonjudicial foreclosure of property interests is not debt collection, citing to *Heineman v. Jim Walter Homes*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1988), and *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).    Plaintiff maintains *Hulse* and *Heineman* are bad precedent and further that they do not apply to the facts of this case.

FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any *debts*, or who regularly collects or attempts to collect, directly or indirectly, *debts* owed or due or asserted to be owed or due another. . .  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6) (emphasis added).  "Debt" is then defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

*Id.* § 1692a(5).

The Court is persuaded by the reasoning in *Hulse* and finds this matter distinguishable from *Piper v. Portnoff Law Associates, Ltd.*, 396 F. 3d 227 (3d Cir. 2005), which was relied upon by Plaintiff.  In *Hulse*, the Oregon district court determined that defendant was not collecting a debt:

> foreclosing on a trust deed is distinct from the collection of the obligation to pay money.  The FDCPA is intended to curtail objectionable acts occurring in the process of collecting

ORDER -- 20

> funds from a debtor.  But foreclosing on a trust deed is an entirely different path.  Payment of funds is not the object of the foreclosure action.  Rather, the lender is foreclosing its interest in the property.

195 F. Supp. 2d at 1204.  Two other district courts determined that enforcement of a security interest is not debt collection for all purposes of the FDCPA, but only for purposes of 15 U.S.C. § 1692f(6). *See Bergs v. Hoover, Bax & Slovacek, L.L.P.*, 2003 WL 22255679 (N.D. Texas 2003); *Rosado v. Taylor*, 324 F. Supp. 917 (N.D. Ind. 2004).  The Court is persuaded that the inclusion of an enforcer of a security interest in § 1692f(6) implies that the term "debt collector" does not include an enforcer of a security interest for any other section of the FDCPA.  Accordingly, the Court determines the enforcement of a security interest through a nonjudicial forfeiture does not constitute the collection of a debt for purposes of the FDCPA.  Resultantly, the Court finds Quality Loan is not a debt collector under the FDCPA in these circumstances, and therefore not a debt collector for purposes of the CAA.    For this reason, the Court grants Quality Loan Defendants' motion, thereby dismissing both the CAA cause of action and the related CPA cause of action.

## VI.   OTHER MOTIONS

**A.    Plaintiff's Motion for Leave to Amend Complaint to Name John Doe Johnson and for Leave to Serve the Specifically Named Defendant (Ct. Rec. 200)**

Plaintiff asks for leave to amend the Complaint to add the name of the husband of Defendant Gina Johnson, rather than listing him as "John Doe Johnson" and to serve him with the Amended Complaint.  Gina Johnson opposes the motion, submitting this Court does not have personal jurisdiction over Mr. Johnson.

ORDER -- 21

Federal Rule of Civil Procedure 15 governs amendment of pleadings. "A party may amend the party's pleading . . . [after a responsive pleading is served] only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  Given that the purpose of pleadings is "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957), Rule 15 is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Furthermore, formal and burdensome impediments should not be erected during the litigation process.  *Id.*

After considering the factors set forth in *Foman v. Davis*, 371 U.S. 178 (1962), the Court **grants** Plaintiff's motion.  There was a delay between the filing of the Complaint and this motion; however, the delay was due to Ms. Johnson's answer denying that she was married.  Although the discovery period and the dispositive motion deadlines have passed, the Court concludes Defendants will not be unfairly prejudiced by allowing Plaintiff to amend the Complaint to specifically identify Mr. Johnson given that Defendants were put on notice that Plaintiff was seeking to recover from the Johnson marital community.  As to Plaintiff's motive, there is no indication that Plaintiff failed to earlier identify Mr. Johnson in bad faith.  Lastly, although Ms. Johnson may be correct that personal jurisdiction is lacking over Mr. Johnson, the Court determines the better course is to allow the complaint to be amended.  Accordingly, the Court grants Plaintiff leave to file an Amended Complaint which replaces "John Doe Johnson" with "Theodore

ORDER -- 22

Johnson."   The Court notes that this amendment relates back to the date of the original pleading under Federal Rule of Civil Procedure 15(c)(3), so long as service is timely as the claim arises out of the same conduct or transaction set forth in the original pleading.

**B.   Joinder Motions**

The Court finds good cause to grant Ocwen, Bank of New York, and Johnson's Joinder to Quality Loan's Motion for Partial Summary Judgment Regarding Unauthorized Practice of Law (Ct. Rec. 192), Joinder to Quality Loan's Motion for Partial Summary Judgment Re Wrongful Forfeiture (Ct. Rec. 193), and Joinder to Quality Loan's Motion for Partial Summary Judgment Re Consumer Protection Act and Collection Agency Act (Ct. Rec. 194).

For the reasons given above, **IT IS HEREBY ORDERED:**

1.   Defendant Quality Loan Service Corporation and Eddie Ramirez' Motion to Set Aside Forfeiture Action **(Ct. Rec. 26)** *and* Defendant Quality Loan Service Corporation and Eddie Ramirez' Amended Motion to Set Aside Forfeiture Action **(Ct. Rec. 116)** are **GRANTED IN PART** (forfeiture is void) **and DENIED WITH LEAVE TO RENEW IN PART** (cannot set aside forfeiture under RCW 61.30.080(3) currently).

2.   Plaintiff's Motion to Strike Defendant's Amended Motion to Set Aside Forfeiture and the Supplemental Memorandum **(Ct. Rec. 130)** is **DENIED.**

3.   Plaintiffs' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. Proc. 12(c) Re: Plaintiff's First Cause of Action **(Ct. Rec. 111)** is **GRANTED.**   The NOIF and DOF contain incorrect and erroneous allegations of default, and Defendants lacked the legal authority to

ORDER -- 23

commence the real estate contract forfeiture proceedings.

4.   Quality Loan Defendants' Motion for Partial Summary Judgment Regarding Wrongful Forfeiture **(Ct. Rec. 151)** is **DENIED IN PART** (judgment is not entered in favor of Quality Loan on wrongful forfeiture cause of action; and genuine issues of material fact related to RCW 61.30.150(2) damages claim) **and GRANTED IN PART** (RCW 61.30.150(1)).

5.   Plaintiff's Motion for Partial Summary Judgment Regarding the Unauthorized Practice of Law **(Ct. Rec. 54)** is **GRANTED IN PART** (Defendants engaged in the practice of law) **and DENIED IN PART** (genuine issues of material fact relating to whether conduct was authorized; Plaintiff is not entitled to an injunction at this stage; and damage issues to be resolved at trial).

6.   Quality Loan Defendants' Motion for Partial Summary Judgment Regarding Unauthorized Practice of Law **(Ct. Rec. 157)** is **DENIED** (engaged in practice of law; genuine issues of material fact relating to whether conduct was authorized; and damage issues to be resolved at trial).

7.   Quality Loan Defendants' Request for Judicial Notice in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment **(Ct. Rec. 81)** is **DENIED.**

8.   Plaintiff's Motion to Strike **(Ct. Rec. 86)** is **GRANTED IN PART** (strike Quality Loan's Request for Judicial Notice) **and DENIED IN PART** (all other aspects).

9.   Plaintiff's Motion to Strike the Declarations of David Owen and Eddie Ramirez From Consideration in the Motion for Partial Summary Judgment **(Ct. Rec. 166)** is **DENIED.**

10.  Quality Loan Defendants' Motion to Strike Portions of

ORDER -- 24

Declarations of Marco Barbanti **(Ct. Rec. 177)** is **GRANTED IN PART** (¶¶ 9, 10, & 11) **and DENIED IN PART** (¶ 8).

11.  Quality Loan Defendants' Motion to Dismiss Plaintiff's Slander of Title Claim **(Ct. Rec. 120)** is **GRANTED.**

12.  Quality Loan Defendants' Motion to Expedite Hearing on their Motion to Dismiss Plaintiff's Slander of Title Claim **(Ct. Rec. 126)** is **DENIED AS MOOT.**

13.  Ocwen's Motion for Summary Judgment on Plaintiff's Claim for Intentional Interference with Contractual Relationships **(Ct. Rec. 188)** is **DENIED.**

14.  Quality Loan's Motion for Partial Summary Judgment Regarding Plaintiff's Third and Fifth Causes of Action (Consumer Protection Act and Collection Agency Act) **(Ct. Rec. 178)** is **GRANTED.**

15.  Plaintiff's Motion for Leave to Amend Complaint to Name John Doe Johnson and for Leave to Serve the Specifically Named Defendant **(Ct. Rec. 200)** is **GRANTED.**  Plaintiff is given **two weeks** from entry of this Order to amend the Complaint as requested.

16.  Ocwen, Bank of New York, and Johnson's Joinder to Quality Loan's Motion for Partial Summary Judgment Regarding Unauthorized Practice of Law **(Ct. Rec. 192),** Joinder to Quality Loan's Motion for Partial Summary Judgment Re Wrongful Forfeiture **(Ct. Rec. 193),** and Joinder to Quality Loan's Motion for Partial Summary Judgment Re Consumer Protection Act and Collection Agency Act **(Ct. Rec. 194)** are **GRANTED.**

17.  Quality Loan Defendants' Motion to Compel Discovery **(Ct. Rec. 172)** is **RESET** to be heard telephonically on **December 13, 2006, at 2:00**

**p.m.**   The parties are to call into the Court's public conference line (509-376-8880; use of cell phones is prohibited).

   **IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and to provide a copy to counsel.

   **DATED** this ___11th___ day of December 2006.


                         S/ Edward F. Shea
                         _____
                         EDWARD F. SHEA
                         UNITED STATES DISTRICT JUDGE


Q:\Civil\2006\0065.msj.2.wpd

ORDER -- 26